DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Colleen McGarry appeals from her conviction and sentence in the Cuyahoga Falls Municipal Court. We affirm.
In the predawn hours of March 25, 1997, Officer David Semonin of the Stow Police Department was on routine patrol. As he traveled eastbound on Kent Road, he noticed that a car traveling westbound on Kent Road made an abrupt right turn onto Fishcreek Road without signaling. Officer Semonin proceeded to investigate by turning left onto Fishcreek Road. After ascertaining that there was nothing obstructing the road, Officer Semonin drove to catch up with the vehicle, and followed behind it at a distance of about sixty feet. At that point, he observed the car gradually drift almost completely into the oncoming lane of traffic, then sharply swerve back into the proper lane. Fearing that an accident might result from further lane deviations by the car, Officer Semonin executed a traffic stop. The car he was following did not immediately stop but continued through an intersection and stopped in a Dairy Mart parking lot.
Officer Semonin approached the car and asked the lone occupant, McGarry, for her driver's license and vehicle registration. She retrieved the registration from her glove compartment, but had difficulty removing her license from her wallet. She eventually handed her wallet to Semonin, who removed the license and returned the wallet to McGarry. Officer Semonin noticed a strong odor of alcohol emanating from the car. McGarry's eyes were also glassy and bloodshot, and her speech was slurred. He asked McGarry if she had consumed any alcohol that evening; she replied that she had a couple of beers and some shots. He then asked her to exit her vehicle for field sobriety tests.
Officer Semonin performed three field sobriety tests. After McGarry failed all three, Officer Semonin told her that she was under arrest. She was taken to the police station, where she was advised of her Miranda rights. McGarry was cited for driving while under the influence of alcohol, in violation of R.C.4511.19(A)(1), and for failing to drive on the right side of the roadway, in violation of Stow Codified Ordinances331.01(a).[1] McGarry moved to suppress evidence from the traffic stop; the Cuyahoga Falls Municipal Court denied the motion. McGarry then pled no contest to the charges, was found guilty, and was sentenced accordingly. This appeal followed.
McGarry asserts three assignment of error. We address each in turn.
 I. The trial court erred when it denied Ms. McGarry's motion tosuppress evidence seized after she was unlawfully stopped bythe Stow Police.
McGarry first argues that the trial court erred by not granting her motion to suppress evidence because Officer Semonin did not have grounds to make a traffic stop. She asserts that because any violation of the law was de minimis, the traffic stop was not justified. We disagree.
"Before stopping a vehicle, a law enforcement officer must have reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity. A reasonable suspicion is something less than probable cause." State v. Trbovich (July 3, 1996), Summit App. No. 17613, unreported, at 3. (Citations omitted.) Our inquiry on appeal was enunciated by the United States Supreme Court: "[D]eterminations of reasonable suspicion * * * should be reviewed de novo on appeal. * * * [A] reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States (1996),517 U.S. 690, 699, 134 L.Ed.2d 911, 920.
McGarry argues that her violation of the law, driving in the improper lane of traffic, was de minimis, and therefore the traffic stop was per se unreasonable. She cites cases from other appellate districts. However, this court has rejected McGarry's argument. "Some Ohio districts have held that where the driver commits only a de minimis marked lane violation, without any other evidence of impairment, there is no reasonable suspicion to make an investigatory stop of the vehicle. However, this court has not made such a distinction." State v. Myers (Jan. 7, 1998), Summit App. No. 18292, unreported, at 6. (Citation omitted; emphasissic.) "[W]here a police officer observes someone violating a traffic law, that is sufficient to give rise to a reasonable conclusion that criminal activity is taking place." Id. at 7. See, also, Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12.
In the case at bar, Officer Semonin observed a car driven by McGarry make a sudden right turn without signaling[2] and also observed McGarry stray almost completely into the oncoming lane of traffic. Therefore, Officer Semonin had reasonable suspicion that criminal activity had occurred, and an investigatory stop was justified. McGarry's first assignment of error is overruled.
 II. The trial court erred when it failed to suppress all evidenceobtained after Ms. McGarry's unlawful arrest, which wasexecuted without probable cause.
McGarry contends in her second assignment of error that the trial court erred by not granting her motion to suppress because she was arrested without probable cause. She argues that the field sobriety tests were not reliable, and absent those tests, Semonin did not have reasonable grounds to arrest her. We disagree.
A police officer must have probable cause to arrest someone in a public place without a warrant. State v. Marlow (Feb. 28, 1996), Summit App. No. 17400, unreported, at 4. In the situation presented by the case at bar, probable cause exists if, under the totality of the circumstances, Officer Semonin had reasonable grounds to believe that McGarry was operating a motor vehicle while under the influence of alcohol. See Akron v. Kirby (1996),113 Ohio App.3d 452, 464.
We find that probable cause existed for Officer Semonin to arrest McGarry. The trial court based its decision on several factors: McGarry's glassy eyes[3] and slurred speech, a strong odor of alcohol, a lack of physical coordination, and the fact that McGarry admitted to having consumed alcohol. In addition, McGarry failed three field sobriety tests. Under the totality of the circumstances, Officer Semonin had reasonable grounds to believe that McGarry was driving while under the influence of alcohol. McGarry's second assignment of error is overruled.
 III. Ms. McGarry was denied her constitutional right to crossexamine [sic] the patrolman when the trial court denied herrequest for an order requiring the patrolman to bring tocourt a copy of his training manual.
In her third assignment of error, McGarry addresses her request that Officer Semonin bring to the hearing a training manual that he received at the police training academy. A subpoena was issued that required Officer Semonin to bring the manual to the hearing, but Semonin did not bring the manual; he said that he did not receive the subpoena. When McGarry moved for the trial court to allow her to get a copy of the manual and introduce it into evidence, the trial court denied the motion. McGarry argues that the training manual was necessary because it would show that Officer Semonin did not follow the correct procedures in administering the field sobriety tests. We disagree.
A trial court enjoys broad discretion in the admission or exclusion of evidence, and we will not reverse the trial court absent a clear abuse of discretion that materially prejudiced the objecting party. Williams v. Oeder (1995), 103 Ohio App.3d 333,341. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Tulloh v. GoodyearAtomic Corp. (1994), 93 Ohio App.3d 740, 752. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v.Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552.
We find no abuse of discretion in the case at bar. At the hearing, McGarry's attorney brought a copy of a training manual. Using the manual, McGarry's attorney was able to cross-examine Officer Semonin about the proper standards for administering the field sobriety tests that Semonin had McGarry perform. Officer Semonin also testified that he never received the subpoena. Nothing in the record indicates that McGarry was deprived of the ability to effectively cross-examine Officer Semonin because Semonin's training manual was not produced by Semonin. The trial court did not abuse its discretion by not requiring the manual to be produced or introduced into evidence. Accordingly, McGarry's third assignment of error is overruled.
All of McGarry's assignments of error are overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Cuyahoga Falls Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR
[1] Stow Codified Ordinances 331.01(a) states in pertinent part: "Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway[.]"
[2] See Stow Codified Ordinances 331.14, stating in pertinent part: "No person shall turn a vehicle * * * without giving an appropriate signal[.]"
[3] In her brief, McGarry asks "how [Semonin] managed to examine the condition of Ms. McGarry's eyes through the darkness without a flashlight." However, Officer Semonin testified that the area where McGarry eventually stopped was well-lit. No evidence to the contrary appears in the record.